## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FLO & EDDIE, INC., individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>SIRIUS XM RADIO INC., and DOES 1 through 10,<br><br>          Defendants. | CIVIL ACTION No.<br>13-CV-5784 (CM) |

## DEFENDANT SIRIUS RADIO XM'S ANSWER TO THE FIRST AMENDED CLASS ACTION COMPLAINT

R. Bruce Rich
Benjamin E. Marks
Bruce S. Meyer
John R. Gerba
Todd Larson
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Tel:  (212) 310-8000
Fax:  (212) 310-8007
*r.bruce.rich@weil.com*
*benjamin.marks@weil.com*
*todd.larson@weil.com*

and

Michael S. Oberman
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Tel:  (212) 715-9294
Fax:  (212) 715-8294
*moberman@kramerlevin.com*

*Attorneys for Defendant Sirius XM Radio Inc.*

Defendant Sirius XM Radio Inc. ("Sirius XM" or "Defendant"), by its attorneys, Weil, Gotshal & Manges LLP and Kramer Levin Naftalis & Frankel LLP, for its Answer to the First Amended Class Action Complaint (the "First Amended Complaint") of plaintiff Flo & Eddie, Inc. ("Plaintiff") states as follows:

## INTRODUCTION

By this action, Plaintiff, the owner of sound recordings made nearly fifty years ago and publicly performed widely ever since by myriad broadcast and other outlets, asks this Court to radically transform the scope of protection accorded to sound recordings under New York law. Plaintiff asks the Court to recognize an exclusive right of public performance under New York law for sound recordings created before February 15, 1972, as well as an exclusive right to create pre-broadcast server copies to facilitate such performances, in the absence of any authority recognizing such a right. The result Plaintiff seeks would dramatically expand New York law and unravel a century of contrary understandings between the music and broadcasting industries. Worse, it would immediately turn each radio and television broadcaster, webcaster, nightclub, retail establishment, fitness center, and the like that performs such recordings in New York into a serial copyright infringer. Because no New York court has ever recognized the claim Plaintiff seeks to plead, the First Amended Complaint fails to state a claim upon which relief may be granted and should be dismissed in its entirety.

## RESPONSES TO SPECIFIC ALLEGATIONS

1.      The allegations contained in paragraph 1 of the First Amended Complaint call for legal conclusions to which no responsive pleading is required. To the extent a response is required, Sirius XM denies the allegations.

2.      Sirius XM denies knowledge or information sufficient to respond to the allegations of paragraph 2 of the First Amended Complaint.

3.      Sirius XM denies knowledge or information sufficient to respond to the allegations of paragraph 3 of the First Amended Complaint.

4.      Sirius XM denies knowledge or information sufficient to respond to the allegations of paragraph 4 of the First Amended Complaint, except it admits that music users have enjoyed music on CDs in digital format since at least the 1980s and have accessed music via digital streaming since at least the mid-1990s.

5.      Sirius XM denies the allegations of paragraph 5 of the First Amended Complaint, except it admits that Sirius XM (a) has over 25 million subscribers to its satellite radio service; (b) operates the sole national satellite radio service in the United States, which makes digital audio transmissions via satellite technology; and (c) offers certain digital streaming services via the Internet.

6.      Sirius XM denies the allegations of paragraph 6 of the First Amended Complaint, except it admits that Sirius XM's nationwide broadcasts can be received in New York: (a) via satellite radio by subscribers who receive the satellite broadcast on authorized Sirius XM receivers; (b) via the Internet by subscribers who may receive the transmission on computers (at www.siriusxm.com), smart phones and tablets (via the Sirius XM mobile applications), and/or home audio devices/systems, such as Roku and Sonos; and (c) via satellite television channels on Dish Network.  Sirius XM further admits that its Internet radio product has features identified as "MySXM" and "On Demand" and that certain devices capable of receiving the Sirius XM satellite service offer a feature identified as "Replay."  Users of the "Replay" and "My SXM"

features are provided with limited pause, rewind and replay functionality depending upon the device, channel and delivery method.

   7.  Sirius XM denies the allegations of paragraph 7 of the First Amended Complaint, except it admits that Sirius XM (a) has a variety of packages it offers to subscribers at various prices, including the "Premier" and "Select" packages; and (b) has approximately 70 channels that are, at times, referred to as "Commercial-Free Music" channels, although the number of such channels may vary across time and subscriber platform.

   8.  Sirius XM denies the allegations of paragraph 8 of the First Amended Complaint, except it admits that Sirius XM's service includes some channels that play sound recordings of musical performances that initially were "fixed" (*i.e.*, recorded) prior to February 15, 1972 ("Pre-1972 Recordings").

   9.  Sirius XM denies the allegations of paragraph 9 of the First Amended Complaint, except it admits (a) that some Sirius XM servers located in New York state contain copies of certain Pre-1972 Recordings, including certain recordings by the Turtles, to facilitate broadcasts of those recordings; and (b) that recordings by the Turtles are among the thousands of recordings transmitted as part of Sirius XM's nationwide broadcasts, which are available to subscribers in New York state.

   10.  Sirius XM denies the allegations of paragraph 10 of the First Amended Complaint, except it admits that Sirius XM (a) pays royalties for digital audio transmissions of sound recordings created on or after February 15, 1972 as required by federal copyright law; and (b) does not pay royalties for performances of Pre-1972 Recordings because no such royalties are required by law.

11.     Sirius XM denies the allegations in the first sentence of paragraph 11 of the First Amended Complaint.  The allegations contained in the second sentence call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, Sirius XM denies the allegations.

12.     The allegations contained in paragraph 12 of the First Amended Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, Sirius XM denies the allegations.

13.     The allegations contained in paragraph 13 of the First Amended Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, Sirius XM denies the allegations.

14.     Sirius XM denies knowledge or information sufficient to respond to the allegations of paragraph 14 of the First Amended Complaint, except that Sirius XM admits that consumers enjoy music via satellite radio and Sirius XM Internet radio.

15.     The allegations contained in paragraph 15 of the First Amended Complaint call for legal conclusions to which no responsive pleading is required.

16.     The allegations contained in paragraph 16 of the First Amended Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, Sirius XM denies the allegations.

17.     The allegations contained in paragraph 17 of the First Amended Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, Sirius XM denies the allegations and, without limitation, expressly denies all allegations of wrongdoing by Sirius XM.

18.      Sirius XM denies knowledge or information sufficient to respond to the allegations of paragraph 18 of the First Amended Complaint.

19.      Sirius XM denies knowledge or information sufficient to respond to the allegations in the first sentence of paragraph 19 of the First Amended Complaint.  The remaining allegations of paragraph 19 of the First Amended Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, Sirius XM denies the allegations.

20.      Sirius XM denies the allegations of paragraph 20 of the First Amended Complaint, except it admits that Sirius XM is a Delaware corporation with its principal place of business in New York City, and that this Court has personal jurisdiction over Sirius XM.

21.      Sirius XM denies knowledge or information sufficient to respond to the allegations in paragraph 21 of the First Amended Complaint, except it admits that this Court has subject matter jurisdiction over the subject matter of this class action pursuant to 28 U.S.C. § 1332(d).

22.      The allegations contained in paragraph 22 of the First Amended Complaint call for legal conclusions to which no responsive pleading is required. Sirius XM admits, however, that venue is proper in this District.

23.      Sirius XM does not respond to paragraph 23 of the First Amended Complaint, which contains no factual allegations about Sirius XM.

24.      The allegations contained in paragraph 24 of the First Amended Complaint are not factual in nature; they merely characterize the basis on which Plaintiff purports to bring this action and purport to reserve certain rights to the Plaintiff.  Accordingly, no responsive pleading is required.  To the extent a response is required, Sirius XM denies the allegations.

25.     The allegations contained in paragraph 25 of the First Amended Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, Sirius XM denies the allegations.

26.     The allegations contained in paragraph 26 of the First Amended Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, Sirius XM denies the allegations and, without limitation, expressly denies all allegations of wrongdoing by Sirius XM.

27.     The allegations contained in paragraph 27 of the First Amended Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, Sirius XM denies the allegations and, without limitation, expressly denies all allegations of wrongdoing by Sirius XM.

28.     The allegations contained in the first sentence of paragraph 28 of the First Amended Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, Sirius XM denies knowledge or information sufficient to respond to the allegations, as it does for the allegations in the second and last sentences of paragraph 28.  Sirius XM denies the allegations in the third sentence of paragraph 28, and does not respond to the fourth and fifth sentences, which are not factual in nature.

29.     The allegations contained in paragraph 29 of the First Amended Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, Sirius XM denies the allegations and, without limitation, expressly denies all allegations of wrongdoing by Sirius XM.

30.     The allegations contained in paragraph 30 of the First Amended Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is

required, Sirius XM denies the allegations.  Sirius XM denies knowledge or information sufficient to respond to the allegations in the last sentence of paragraph 30.

31.     The allegations contained in paragraph 31 of the First Amended Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, Sirius XM denies the allegations.

32.     The allegations contained in paragraph 32 of the First Amended Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, Sirius XM denies the allegations and, without limitation, expressly denies all allegations of wrongdoing by Sirius XM.

<u>**With Respect to the First Cause of Action**</u>

33.     Sirius XM repeats and incorporates by reference its responses to paragraphs 1-32 of the First Amended Complaint.

34.     The allegations contained in paragraph 34 of the First Amended Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, Sirius XM denies the allegations.

35.     The allegations contained in paragraph 35 of the First Amended Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, Sirius XM denies the allegations.

36.     The allegations contained in paragraph 36 of the First Amended Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, Sirius XM denies the allegations.

37.     The allegations contained in the first sentence of paragraph 37 of the First Amended Complaint call for legal conclusions to which no responsive pleading is required.  To

the extent a response is required, Sirius XM denies the allegations and, without limitation, expressly denies all allegations of wrongdoing by Sirius XM.  Sirius XM denies knowledge or information sufficient to respond to the allegations in the second sentence of paragraph 37 of the First Amended Complaint.

38.   The allegations contained in the first sentence of paragraph 38 of the First Amended Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, Sirius XM denies the allegations and, without limitation, expressly denies all allegations of wrongdoing by Sirius XM.  Sirius XM denies the allegations contained in the remaining sentences of paragraph 38 of the First Amended Complaint, except it admits that (a) that some Sirius XM servers located in New York state contain copies made by Sirius XM of certain Pre-1972 Recordings, including certain recordings by the Turtles, to facilitate broadcasts of those recordings; and (b) that recordings by the Turtles and certain other Pre-1972 Recordings are among the thousands of recordings transmitted as part of Sirius XM's nationwide broadcasts, which are available to subscribers in New York state.

39.   The allegations contained in paragraph 39 of the First Amended Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, Sirius XM denies the allegations and, without limitation, expressly denies all allegations of wrongdoing by Sirius XM.

40.   The allegations contained in paragraph 40 of the First Amended Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, Sirius XM denies the allegations and, without limitation, expressly denies all allegations of wrongdoing by Sirius XM.

41.    The allegations contained in paragraph 41 of the First Amended Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, Sirius XM denies the allegations and, without limitation, expressly denies all allegations of wrongdoing by Sirius XM.

**With Respect to the Second Cause of Action**

42.    Sirius XM repeats and incorporates by reference its responses to paragraphs 1-41 of the First Amended Complaint.

43.    Sirius XM denies knowledge or information sufficient to respond to the allegations of paragraph 43 of the First Amended Complaint.

44.    Sirius XM denies the allegations contained in paragraph 44 of the First Amended Complaint, except admits that (a) some Sirius XM servers located in New York state contain copies made by Sirius XM of certain Pre-1972 Recordings in order to facilitate broadcast of such recordings; (b) certain Pre-1972 Recordings are among the thousands of recordings transmitted as part of Sirius XM's nationwide broadcasts and online digital audio transmissions, which are available to subscribers in New York state; (c) users of the "Replay" and "My SXM" features are provided with limited skip functionality depending upon the device, channel and delivery method.  Sirius XM further admits that its Internet radio product has features identified as "MySXM" and "On Demand" and that certain devices capable of receiving the Sirius XM satellite service offer a feature identified as "Replay."

45.    The allegations contained in paragraph 45 of the First Amended Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, Sirius XM admits that Sirius XM does not pay royalties for Pre-1972 Recordings

because no such royalties are required by law, but otherwise denies all allegations of wrongdoing by Sirius XM.

46.     The allegations contained in paragraph 46 of the First Amended Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, Sirius XM denies the allegations and, without limitation, expressly denies all allegations of wrongdoing by Sirius XM.

47.     Sirius XM denies knowledge or information sufficient to respond to the allegations in the first sentence of paragraph 47 of the First Amended Complaint.  The remaining allegations of paragraph 47 of the First Amended Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, Sirius XM denies the allegations and, without limitation, expressly denies all allegations of wrongdoing by Sirius XM.

48.     The allegations contained in paragraph 48 of the First Amended Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, Sirius XM denies the allegations and, without limitation, expressly denies all allegations of wrongdoing by Sirius XM.

49.     The allegations contained in paragraph 49 of the First Amended Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, Sirius XM denies the allegations and, without limitation, expressly denies all allegations of wrongdoing by Sirius XM.

50.     The allegations contained in paragraph 50 of the First Amended Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, Sirius XM denies the allegations and, without limitation, expressly denies all allegations of wrongdoing by Sirius XM.

51.     The allegations contained in paragraph 51 of the First Amended Complaint call for legal conclusions to which no responsive pleading is required.  To the extent a response is required, Sirius XM denies the allegations and, without limitation, expressly denies all allegations of wrongdoing by Sirius XM.

## AFFIRMATIVE DEFENSES

52.     Without assuming the burden of proof where such burden properly rests with Plaintiff, and expressly reserving and not waiving the right to assert any and all such defenses at such time and to such extent as discovery and factual developments establish a basis therefor, Sirius XM hereby asserts the following defenses to the claims asserted in the First Amended Complaint.

### First Affirmative Defense

### (Failure to State a Claim)

53.     The First Amended Complaint fails to state any claim upon which relief can be granted.

### Second Affirmative Defense

### (Laches)

54.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Third Affirmative Defense

### (Waiver)

55.     Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### Fourth Affirmative Defense

### (Estoppel)

56.     Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**Fifth Affirmative Defense**

**(License)**

57.     Plaintiff's claims are barred, in whole or in part, by an implied license conveyed by Plaintiff to Sirius XM or because Plaintiff otherwise licensed, authorized, or consented to Sirius XM's alleged conduct.

**Sixth Affirmative Defense**

**(Fair Use)**

58.     Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use.

**Seventh Affirmative Defense**

**(Statute of Limitations)**

59.     Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

**Eighth Affirmative Defense**

**(Lack of Harm)**

60.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any harm from Sirius XM's alleged conduct.

**Ninth Affirmative Defense**

**(Failure to Mitigate Damages)**

61.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to take appropriate and necessary steps to mitigate its alleged damages, if any.

## <u>Tenth Affirmative Defense</u>

### <u>(Lack of Ownership)</u>

62.     Plaintiff's claims are barred, in whole or in part, because Plaintiff does not own the purported rights at issue.

## <u>Eleventh Affirmative Defense</u>

### <u>(Adequate Remedy at Law)</u>

63.     The injunctive relief sought by Plaintiff is barred, in whole or in part, because Plaintiff has available an adequate remedy at law.

## <u>PRAYER FOR RELIEF</u>

For the reasons set forth above, Sirius XM respectfully requests that the Court:

1.     Dismiss Plaintiff's First Amended Complaint in its entirety with prejudice;

2.     Enter judgment in favor of Defendant Sirius XM and against Plaintiff on each and every cause of action set forth in the First Amended Complaint;

3.     Award attorneys' fees and costs in favor of Defendant Sirius XM against Plaintiff as permitted by applicable law; and

4.     Award such other and further relief as the Court deems just and proper.

Dated: New York, New York
         December 6, 2013

Respectfully submitted,

By:      /s/ R. Bruce Rich
         R. Bruce Rich
         Benjamin E. Marks
         Bruce S. Meyer
         Todd Larson
         John R. Gerba
         WEIL, GOTSHAL & MANGES LLP
         767 Fifth Avenue
         New York, New York  10153
         Tel:  (212) 310-8000
         Fax:  (212) 310-8007
         *r.bruce.rich@weil.com*
         *benjamin.marks@weil.com*
         *todd.larson@weil.com*

and

         Michael S. Oberman
         Kramer Levin Naftalis & Frankel LLP
         1177 Avenue of the Americas
         New York, New York 10036
         Tel:  (212) 715-9294
         Fax:  (212) 715-8294
         *moberman@kramerlevin.com*

*Attorneys for Defendant Sirius XM Radio Inc.*