

BY FACSIMILE

**MEMO ENDORSED**

**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

Benjamin E. Marks

April 30, 2014

4/30/14

4/30/2014

The depositions to 4/3 noticed prior must proceed as scheduled and plaintiff's lawyer must attend.

The Honorable Colleen McMahon
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**Re: Flo & Eddie, Inc. v. Sirius XM Radio Inc., Case No. 13-cv-5784CM**

Dear Judge McMahon:

We represent defendant Sirius XM Radio Inc. ("Sirius XM") in the above-referenced matter. We write because Plaintiff's counsel is attempting to block Sirius XM from taking the deposition of Plaintiff's licensing agent, third-party Orchard Enterprises NY, Inc. ("Orchard").

Sirius XM served a document subpoena on Orchard on January 15, 2014, and served a subpoena on Orchard on March 12, 2014, for a Rule 30(b)(6) deposition. Both subpoenas were served well in advance of the Court's April 3 Order staying additional discovery. We have been negotiating with the Orchard for several months on an agreed-upon scope of document production and for well over a month on a date for the deposition. To accommodate the schedules of Orchard's 30(b)(6) witness and its outside counsel, and Orchard's request for additional time to produce responsive documents, Sirius XM agreed to reschedule the deposition originally noticed for April 2, 2014, for May 6, 2014. We reached agreement on the schedule in the evening on April 23, and Sirius XM notified Plaintiff's counsel the next day.

Plaintiff's counsel responded to the notice of the new deposition date by threatening to file a contempt motion against Sirius XM and contending that this Court's April 3 Order prohibits Sirius XM from proceeding with its previously-noticed deposition. Plaintiff's counsel also appears to have contacted Orchard in an effort to influence Orchard to refuse to appear for the deposition. Plaintiff's position and actions are unwarranted and hypocritical. Indeed, Sirius XM took the deposition of Plaintiff's principal—Mark Volman—after April 3. That deposition, just like the Orchard deposition, was originally scheduled before April 3 and only re-scheduled to accommodate the deponent and his counsel. There was nothing improper about taking Mr. Volman's deposition after April 3, and there is likewise nothing improper about taking Orchard's deposition after April 3, given that the subpoenas were served well in advance of the April 3 Order.

In addition, as Plaintiff is well aware, discovery continues in the related Florida and California Actions, and the Court's April 3 Order stated that "all discovery being taken in the parallel actions in California

The Honorable Colleen McMahon  
April 30, 2014  
Page 2

**Weil, Gotshal & Manges LLP**

and Florida will be used in this case and not duplicated." While we believe it is unnecessary to do so, we are serving an identical subpoena on the Orchard in the Florida Action for a deposition on the agreed-upon date.

Plaintiff's counsel, Mr. Geller, also contends that the deposition should not go forward on May 6 because he is unavailable to attend. Plaintiff, however, has at least eight different attorneys who have either filed a notice of appearance or have been admitted *pro hac vice* in this case. There is no reason that one of these eight attorneys cannot make herself or himself available on May 6, especially given Orchard's apparent limited availability for the conduct of this deposition.[1]

Accordingly, given the improper efforts to forestall this deposition and to eliminate any uncertainty for Orchard, we request that the Court clarify that its April 3 Order did not preclude Sirius XM from re-scheduling Orchard's deposition in this action to May 6, 2014 to accommodate Orchard and its counsel.

Respectfully submitted,

Benjamin E. Marks

cc: Counsel of Record (by email)

---

[1] Orchard's counsel has advised that she will be unavailable for several weeks thereafter due to previously scheduled international travel.