UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

FLO & EDDIE, INC., *individually and on behalf of all others similarly situated*,

        Plaintiff,

  -against-                           No. 13 Civ. 5784 (CM)

SIRIUS XM RADIO INC., and DOES 1 through 10,

        Defendants.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/10/15

## DECISION AND ORDER CERTIFYING INTERLOCUTORY APPEAL

McMahon, J.:

    Plaintiff Flo & Eddie, Inc. ("Flo and Eddie") brings this action under New York law for common law copyright infringement and unfair competition against Sirius XM Radio Inc. ("Sirius"). On November 14, 2014, the Court denied Sirius's motion for summary judgment dismissing the case and ruled that plaintiffs – the owners of the common law copyrights in certain sound recordings made prior to February 1972 – had the right to exclusively publicly perform and reproduce those recordings. (Docket #88). On December 12, 2014, the Court denied Sirius's motion for reconsideration (Docket #108).

    In the alternative, Sirius asked this Court to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). That motion is **GRANTED**. Dockets #88 and Docket #108 are certified for interlocutory appeal because they present the following legal question:

> Under New York law, do the holders of common law copyrights in pre-1972 sound recordings have, as part of the bundle of rights attendant to their copyright, the right to exclusive public performance of those sound recordings?[1]

## DISCUSSION

### I. Standard for Certifying an Order for Interlocutory Appeal

A district judge may certify an order for interlocutory appeal if (1) "such order involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see Childers v. N.Y. & Presbyterian Hosp.*, No. 13 CIV. 5414, --- F. Supp. 2d ----, 2014 WL 2815676, at *21 (S.D.N.Y. June 23, 2014).

"A controlling question of law exists if: (1) reversal of the district court's opinion could result in dismissal of the action, (2) reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action, or (3) the certified issue has precedential value for a large number of cases." *In re Lloyd's Am. Trust Fund Litig.*, No. 96 CIV. 1262, 1997 WL 458739, at *4 (S.D.N.Y. Aug. 12, 1997); *see Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990).

In considering a request for certification, the district court must carefully assess whether all three § 1292(b) requirements are satisfied. *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 529 (S.D.N.Y. 2014); *see also Gottesman v. General Motors Corp.*, 268 F.2d 194, 196 (2d Cir. 1959) (certification is to be "strictly limited to the precise conditions stated in the law"). The trial court is vested with discretion whether to certify an interlocutory appeal based

---

[1] As per my letter endorsement of January 28, 2015, I decline to certify a subsequent decision addressing whether Flo and Eddie were entitled to an immediate entry of judgment on the issue of liability. (*See* Docket #114).

2

on the above criteria. *See Ferraro v. Sec. of U.S. Dept. of Health and Human Servs.*, 780 F. Supp. 978, 979 (E.D.N.Y. 1992).

## II. The Requirements for Certifying an Interlocutory Appeal are Met

Here, the requirements for certification are all met as to the question identified on the first and second page of this decision.

First, there is indeed a critically important controlling question of law in this case: whether the holders of common law copyrights in pre-1972 sound recordings have, as part of the bundle of rights appurtenant to their copyright, the right to exclusive public performance. If the Court's holding that they do have such a right is incorrect, then significant portions of this lawsuit – including the public performance copyright infringement and unfair competition claims – will have to be dismissed. Furthermore, reversal of this Court's ruling might well require reconsideration of the Court's fair use analysis in the context of Plaintiff's claim for copyright infringement on the basis of unauthorized copying – a right plaintiffs plainly enjoy, *see Capitol Records, Inc. v. Naxos of Am., Inc.*, 4 N.Y.3d 540, 563-64 (2005) – since it is at least arguable that the making of temporary copies in order to facilitate the public performance of such sound recordings qualifies as "fair use." That would dispose of the entire case.

This issue also qualifies as a "controlling question of law" because it will have "precedential value for a large number of cases." *Lloyd's Am. Trust Fund Litig.*, 1997 WL 458739, at *4. I previously noted that, "Other broadcasters, including those who publicly perform media and other sound recordings, will undoubtedly be sued in follow-on actions." Summary Judgment Decision at 40. Receiving authoritative guidance from the Second Circuit (and, I rather imagine, from the New York Court of Appeals) will help resolve those actions quickly and consistently.

3

The second criterion for certifying an interlocutory appeal is also satisfied because "there is substantial ground for difference of opinion" concerning the Summary Judgment Decision. 28 U.S.C. § 1292(b).

Flo and Eddie correctly observes that substantial ground does not exist for differences of opinion merely because an issue is one of first impression about which little case law exists. But here there is far more than a previously unaddressed question of law. There is in fact a difficult legal question about which reasonable minds can differ. *See Klinghoffer*, 921 F.2d at 25.

The Court held that under New York law the right to publicly perform sound recordings is part of the bundle of rights associated with common law copyrights in those recordings. That conclusion was reached primarily upon consideration of New York's treatment of common law copyrights in other types of works. But while this Court believes it reached the correct result, I appreciate that another judge might feel differently. In this regard, I note particularly that federal statutory copyrights in sound recordings did not come with an associated right to exclusive public performance until Congress passed a law in 1995, which provided a limited "exclusive right[] . . . to perform [copyrighted sound recordings] publicly by means of a digital audio transmission." 17 U.S.C. § 106; *see* Digital Performance Right in Sound Recordings Act of 1995, Pub. L. 104-39, 109 Stat. 336. Between 1971, when Congress first granted statutory copyright protection to sound recordings, and 1995, Congress did not include public performance rights among the specifically enumerated rights granted to holders of copyrights in sound recordings. Of course, the very fact that Congress felt compelled to carve out a statutory exception for public performance rights, by excluding them from the bundle of rights associated with copyrights in sound recordings, suggests that such rights would otherwise have existed, and so exist at common law. *See* Summary Judgment Decision at 20-21 & n.3. However, the complicated history of public performance rights

4

and copyright in the discrete medium of sound recordings makes the answer to this question less than straightforward, and warrants a close look by a controlling court.

Turning to the third factor, "an immediate appeal from [the Summary Judgment Decision] may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). If I am wrong about public performance rights for holders of copyrights in pre-1972 sound recordings then this lawsuit will end, either immediately or in short order, after this Court revisits whether Sirius's limited copying of pre-1972 recordings qualifies as fair use.

If, however, this Court's ruling is affirmed, then Sirius and the holders of copyrights in pre-1972 sound recordings will turn their attention to the thorny but ultimately soluble issue of how to license and compensate public performances of those recordings. That negotiation, which would also advance the termination of this litigation, will never proceed until there is a definitive ruling on this question of first impression.

Following other district courts in this Circuit, I have identified a particular controlling question of law which I am certifying to the Second Circuit. *See, e.g., Transp. Workers Union of Am., Local 100, AFL-CIO v. New York City Transit Auth.*, 358 F. Supp. 2d 347, 352 (S.D.N.Y. 2005); *Maestri v. Westlake Excavating Co.*, 894 F. Supp. 573, 577 (N.D.N.Y. 1995); *Morse/Diesel, Inc. v. Trinity Indus., Inc.*, 664 F. Supp. 91, 95 (S.D.N.Y. 1987) *rev'd on other grounds*, 859 F.2d 242 (2d Cir. 1988); *see also J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 115 (2d Cir. 2004) ("The district court certified only the subject matter jurisdiction issue for interlocutory appeal and denied the School District's motion insofar as it sought certification of the district court's ruling on the sufficiency of plaintiffs' Section 504 and Section 1983 claims."). I recognize, however, that "Though it is helpful for a district court to frame the controlling questions of law that the order involves, . . . the statutory procedure specifies appeal of the order, rather than certification of the

questions . . . ." *United States v. Banco Cafetero Panama*, 797 F.2d 1154, 1157 (2d Cir. 1986); *see also Isra Fruit Ltd. v. Agrexco Agr. Exp. Co.*, 804 F.2d 24, 25 (2d Cir. 1986) ("[S]ection 1292(b) authorizes certification of orders . . . not certification of questions. Of course, in certifying an order for interlocutory review it is helpful if the district judge frames the controlling question(s) that the judge believes is presented by the order being certified.") (internal citations omitted). As a result, although I am certifying only a "portion" of an order for interlocutory appeal, I recognize that the Second Circuit's Circuit's review is "not necessarily limited to the certified issue;" the Court of Appeals has "the discretion to consider any aspect of the order from which the appeal is taken." *J.S.*, 386 F.3d at 115. This includes a second question of law that Sirius asked this Court to certify: assuming this Court answered the certified question correctly, does the Dormant Commerce Clause prohibit the State of New York from enforcing a property right that it recognizes at common law? That question, too, qualifies as "controlling," and its resolution could materially advance the resolution of this lawsuit. However, I do not believe that there is substantial ground for a difference of opinion on that issue, so I would not certify the case if that were the only question raised, and I do not base my decision to certify an interlocutory appeal on the presence of this question in the case.

### III. Further Proceedings in The Action Are Stayed Pending Interlocutory Appeal

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Nederlandse Erts-Tankersmaatschappij, N.V. v. Isbrandtsen Co.*, 339 F.2d 440, 441-42 (2d Cir. 1964) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). "A district court's authority to stay a pending action is an aspect of its broad and inherent power over its own process, to prevent abuses, oppressions and injustice, so as not to produce hardship, and to do substantial justice. In issuing a stay, a court must weigh competing interests and maintain an even

balance." *Soler v. G & U, Inc.*, 86 F.R.D. 524, 526 (S.D.N.Y. 1980) (internal citations, quotation marks, and alterations omitted).

Here, the competing interests favor granting a stay.

As explained above, judicial economy strongly favors staying the proceedings pending resolution of the legal question at the core of this action. Whether or not the Court's judgment on appeal is affirmed, granting a stay now, rather than proceeding with cumbersome class-wide discovery, a motion for certification, and ultimately a decision on damages, is very likely to save time and money for the litigants – whether by resolving the case outright or by providing a basis on which the parties can negotiate licenses for the public performance of pre-1972 sound recordings.

It is true that Sirius would not suffer irreparable harm if a stay is denied. Its injury – if it is in fact injured by the failure to grant a stay – would be in the form of monetary costs. However, granting a stay would not impose substantial hardship on Flo and Eddie. Flo and Eddie has tolerated public performances of sound recordings in which it holds common law copyrights, by both digital and terrestrial broadcasters, for decades. If Flo and Eddie prevails on appeal, it can obtain damages for all Sirius's acts of infringement dating from three years before its complaint was filed. It loses not a dime's worth of potential damages by holding up until the legal issue is resolved.

With the balance of hardships thus favoring neither side, the public interest in judicial economy rules the day. The Court will stay this action.

## CONCLUSION

For the foregoing reasons, Sirius's motion to certify the Summary Judgment Decision and the Decision on Reconsideration for interlocutory appeal is **GRANTED**, and this action is **STAYED** pending a decision by the Second Circuit.

Dated: February 10, 2015

_____
U.S.D.J.

BY ECF TO ALL COUNSEL